```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION


UNITED STATES OF AMERICA,       )
                                )
Plaintiff,                      )
                                )
vs.                             )    NO. 2:06-CR-174
                                )
DAVID C. LOHMAN,                )
                                )
Defendant.                      )
```

## OPINION AND ORDER

This matter is before the Court on the Motion for Revocation of Detention Order, filed by Defendant, David C. Lohman, on October 3, 2006. For the reasons set forth below, this motion is **DENIED**.

BACKGROUND

On August 19, 2006, a criminal complaint was filed against Defendant, David C. Lohman, alleging he used a means of interstate commerce to knowingly attempt to persuade, induce, entice, and coerce a minor to engage in sexual activity prohibited by law, in violation of Title 18 U.S.C. section 2422(b). He was arrested that day. At the initial appearance before Magistrate Judge Rodovich, the Government requested that the Defendant be held without bond.

A detention hearing commenced on August 22, 2006, and was continued until August 26, 2006. At the conclusion of the detention

hearing, the Government's motion for pretrial detention was granted and Defendant was ordered held without bond. Defendant filed the instant motion requesting this Court to review and revoke Magistrate Judge Rodovich's detention order. Subsequently, Defendant was charged in a one count indictment pursuant to Title 18 U.S.C. section 2422(b).

DISCUSSION

Facts

The following facts were found by Magistrate Judge Rodovich during the August detention hearings and are not in dispute.[1] Defendant is currently charged in a one count indictment. If convicted, Defendant faces a mandatory minimum sentence of 10 years imprisonment and a maximum sentence of life imprisonment. At the detention hearing, the Government proffered evidence to supplement the probable cause affidavit and the pre-bond report. Defendant proffered evidence and called West Lafayette Police Officer Cynthia Marion, Jackie Faucett, and Patrick Ramsey as witnesses.

Between August 10 and August 16, 2006, Defendant engaged in a series of online conversations with Officer Marion posing as a 13-year-old girl. During one of these conversations, Defendant E-mailed a picture of himself. Defendant also discussed meeting to engage in

---

[1] Notably, in acquiescing to these facts, this Court independently reviewed the audio tape from the two August hearings, as well as the exhibits entered into evidence, and the record as a whole.

sexual activity with the 13-year-old girl.  He offered to bring a pornographic movie to watch.  On August 19, 2006, Defendant traveled from Indianapolis, Indiana, to Lafayette, Indiana, for a sexual rendezvous with the 13-year-old girl.  When he arrived at the planned meeting place, Defendant was arrested.  At the time of the arrest, Defendant was in possession of a pornographic movie.  After his arrest, Defendant gave a statement admitting that he had participated in the online conversations and traveled to Lafayette for the purpose of having sex with a 13 year-old.

Defendant was employed at the time and also has been a member of the Indiana National Guard for the past 17 years.  Defendant was living with his wife and two children at the time of the arrest.  His wife submitted a letter in support of Defendant's release on bond; however, she indicated that her husband would not be permitted to return to the family residence without counseling.  Defendant's mother, Jackie Faucett, testified that Defendant could reside with her if released on bond.  Defendant has no prior criminal record.

### Bail Reform Act

Under Title 18 U.S.C. section 3145(b), this Court has the authority to review Magistrate Judge Rodovich's detention order. Detention orders are governed by Title 18 U.S.C. section 3142(e). Section 3142(e) requires that a defendant be detained pending trial if "no condition or combination of conditions of release will

reasonably assure the appearance of the person as required or the safety of any other person and the community."  The Government bears the ultimate burden of showing by clear and convincing evidence that Defendant presents a danger to the community.  *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985).  But if a court finds there is probable cause to believe a defendant committed a crime involving a minor victim under 18 U.S.C. section 2422, "it shall be presumed," subject to rebuttal, "that no condition or combination of conditions will reasonably assure . . . the safety of the community."  18 U.S.C. § 3142(e).

Defendant argues that the rebuttable presumption of detention is not triggered in this case because there was no minor victim involved. Defendant relies on the fact that the person he allegedly solicited was an adult female law enforcement officer.  This argument, though thought provoking, is ultimately without merit.  To trigger the rebuttable presumption of detention, it is enough that the Court find probable cause that Defendant attempted to entice a minor to engage in illegal sexual activity.  *See United States v. Rosenberg*, No. Crim.A. 04-782, 2004 WL 2187601, *1 (E.D. Pa. Sept. 15, 2004)(finding rebuttable presumption triggered when alleged victim was not 13 year old girl but, was in fact, an undercover FBI agent).  It does not matter that the victim turned out to be an adult undercover officer. This conclusion should not be surprising because it invokes the same rationale that is used to prevent defendants from using such "dumb

-4-

luck"[2] as a defense to prosecution under section 2422(b). *See United States v. Sims*, 428 F.3d 945, 949, 959-960 (10th Cir. 2005)([i]t is not a defense to an offense involving enticement and exploitation of minors that the defendant falsely believed a minor to be involved); *United States v. Root*, 296 F.3d 1222 (11th Cir. 2002)(holding that actual minor victim is not required for an attempt conviction under section 2422); *United States v. Farner*, 251 F.3d 510, 512 (5th Cir. 2001)(rejecting defense that it was legally impossible to commit an offense under section 2422 since the supposed minor involved was actually an adult); *see also United States v. Borchert*, 03 CR 1199, 2004 WL 2278551, at *1-2 (N.D. Ill. Oct. 7, 2004)(finding indictment charging attempt to entice minor in violation of section 2422(b) was sufficient even when "minor" was actually adult government agent).

This presumption of detention is rebuttable, however. To determine whether Defendant has rebutted this presumption, the Court must review the factors identified in section 3142(g), which include:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . .
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>   (A) the person's character, physical and mental condition, family ties, employment, financial resources,

---

[2] In this context, dumb luck would refer to a defendant attempting to induce a minor to engage in illegal sexual activity, but be saved from prosecution because the alleged victim was actually an undercover agent posing as a minor.

>                length of residence in the community,
>                community ties, past conduct, history
>                relating to drug or alcohol abuse,
>                criminal history, and record
>                concerning appearance at court
>                proceedings; and
>                   (B) whether, at the time of the
>                current offense or arrest, the person
>                was on probation, on parole, or on
>                other release pending trial,
>                sentencing, appeal, or completion of
>                sentence for an offense under Federal,
>                State, or local law; and
>                   (4) the nature and seriousness of the danger
>            to any person or the community that would be
>            posed by the person's release.

An analysis of these factors does not rebut the presumption of detainment. First, Defendant is charged with a crime of violence. *United States v. Searcy*, 418 F.3d 1193, 1196-97 (11th Cir. 2005); *United States v. Munro*, 394 F.3d 865 (10th Cir. 2005). Second, the weight of the evidence seems strong against Defendant. The Government has a transcript of the entire conversation from the internet chat room along with a photograph E-mailed by Defendant. Moreover, Defendant gave a statement to law enforcement admitting that he traveled to Lafayette for purposes of engaging in sexual activities with a minor. Next, the nature and seriousness of the danger to the community posed by Defendant's release is high. This type of conduct, if repeated, would pose a serious danger to children in the community. While Defendant's history and characteristics weigh in favor of his release, those in and of themselves, are insufficient to overcome the presumption of detention. Defendant's pretrial detention will assure that prospectively no child is harmed. This result fulfills Congress'

intention in promulgating section 3142(e) of the Bail Reform Act.

CONCLUSION

    For the reasons set forth above, this motion is **DENIED**.

**DATED:  October 30, 2006**          /s/RUDY LOZANO, Judge
                                                                   United States District Court